**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 7 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OAK PARK UNIFIED SCHOOL DISTRICT, a California Public School District; THE VENTURA COUNTY SCHOOLS SELF-FUNDING AUTHORITY, a California Joint Powers Insurance Authority, | No.   18-55033 |
| | D.C. No. 2:17-cv-03765-SVW-KS |
| Plaintiffs-Appellants, | |
| | MEMORANDUM* |
| v. | |
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted May 16, 2019
Pasadena, California

Before: LIPEZ,** WARDLAW, and HURWITZ, Circuit Judges.

Oak Park Unified School District (Oak Park) and the Ventura County

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Kermit V. Lipez, United States Circuit Judge for the First Circuit, sitting by designation.

Schools Self-Funding Authority appeal the district court's grant of summary judgment in favor of Philadelphia Indemnity Insurance Company (Philadelphia). We have jurisdiction under 28 U.S.C. § 1291. We reverse.

Under California insurance law, "the duty to defend is broader than the duty to indemnify[.]" *Horace Mann Ins. Co. v. Barbara B.*, 4 Cal. 4th 1076, 1081 (1993). The duty to defend arises where a suit "[p]otentially seeks damages within the coverage of the policy." *Gray v. Zurich Ins. Co.*, 65 Cal. 2d 263, 275–76 (1966). Here, the *Arendts* complaint's first cause of action sought personal injury and damages for a "dangerous condition of public property." It alleged that Oak Park's soccer field was "in an unreasonable, dangerous, and unsafe condition in various respects, including the lack of signage in/at the Premises." Philadelphia's Commercial General Liability (CGL) policy provides coverage for

> [o]wners and / or lessors of the premises leased, rented, or loaned to [the lessee] subject to the following . . . exclusion[:] . . . This insurance does not apply to liability of the owners and / or lessors for "bodily injury" or "property damage" arising out of any design defect or structural maintenance of the premises or loss caused by a premises defect.

Philadelphia contends that the CGL policy's exclusionary clause eliminated the possibility of coverage, as the *Arendts* action sought damages for "'bodily injury' . . . arising out of any design defect or structural maintenance of the premises or loss caused by a premises defect." To define "design defect," Philadelphia relies on California Civil Code § 2784, which states, in relevant part, that "'design defect' is

2

defined as a condition arising out of its design which renders a structure, item of equipment or machinery or any other similar object, movable or immovable, when constructed substantially in accordance with its design, inherently unfit, either wholly or in part, for its intended use." Cal. Civ. Code § 2784. But there is no evidence in the record that Oak Park's soccer field is "a structure, item of equipment or machinery or any other similar object, movable or immovable." There is similarly no evidence in the record as to the meaning of the terms "structural maintenance of the premises" or "loss caused by a premises defect" as applied to Oak Park's soccer field. Because these terms are ambiguous, and as exclusions are construed narrowly, *see MacKinnon v. Truck Ins. Exch.*, 31 Cal. 4th 635, 648 (2003), we construe these terms in favor of the insured. We therefore conclude that the exclusionary clause did not eliminate the potential for coverage under the CGL policy. *See Silberg v. Cal. Life Ins. Co.*, 11 Cal. 3d 452, 464 (1974) ("[A]ny ambiguities in an insurance policy must be read against the insurer."). Philadelphia therefore had a duty to defend Oak Park.

**REVERSED**.